DANIEL CROUSE AND OTHERS, RESPONDENTS, *v.* OSCAR PADDOCK AND ELIAS F. COOPER, APPELLANTS.

*Arrest pending suit — undertaking — liability of sureties on, where one only of two defendants can be arrested on execution.*

Two defendants having been arrested, in an action brought against them by the plaintiff, the defendants in this action executed an undertaking to procure their discharge. Subsequently, upon an execution issued against their persons upon a judgment recovered in the first action, the sheriff arrested one and returned as to the other *non est inventus.* In an action upon the undertaking, *held,* that the arrest and imprisonment of one defendant did not relieve the sureties to the under taking from their liability for the escape of the other.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*Charles P. Crosby,* for the appellant. The plaintiffs could not have maintained an action against both Paddock and Andrus upon the judgment they recovered, so long as Andrus remained imprisoned on an execution issued upon such judgment. (*Chapman* v. *Hyatt,* 11 Wend., 41.) And if both Paddock and Andrus had been imprisoned on such execution, the plaintiffs could not have maintained an action against the defendants as bail for them, so long as such imprisonment continued. (*Sunderland* v. *Loader,* 5 Wend., 58.) A release of one of several joint debtors releases all. (*Hoffman* v. *Dunlap,* 1 Barb., 185.) A release of one of several joint wrong-doers releases all. (*Bronson* v. *Fitzhugh,* 1 Hill, 185.) If the plaintiffs had released Andrus from the judgment against himself and Paddock, such release would have operated to discharge Paddock also. So long as Andrus remains imprisoned on execution the judgment is surely satisfied as to him, as effectually as if the plaintiffs had released him therefrom. It is submitted that under the authorities the imprisonment of Andrus satisfies the judgment *pro tem.* against both Andrus and Paddock. It is no answer to say that we were bound to produce both judgment debtors, and have only produced one. This we concede, but we claim that by

accepting Andrus alone upon our bond to produce them jointly the ordinary rule applies, and that during the imprisonment of Andrus the judgment against him and Paddock is satisfied as to us, whose undertaking is collateral to the judgment, and also for the reason that the imprisonment of Andrus, while it continues, is a discharge of our liability, as bondsmen for him and for Paddock jointly. The plaintiff might have avoided this by refusing to accept of Andrus alone. He could have sued us for our failure to produce the defendants Andrus and Paddock jointly, as our bond called on us to do. Not having done this, but having treated our bond as one for the delivery of Andrus and Paddock severally, he must abide the consequences.

*Edward H. Risley,* for the respondents.

MULLIN, P. J.:

The plaintiff brought an action in the Supreme Court against George F. Paddock and Merritt Andrus, and obtained an order of arrest on which they were arrested, and they were discharged from the arrest on giving the undertaking upon which this action is brought: that the said Paddock and Andrus should, at all times, render themselves amenable to the process of the court during the pendency of the action, and to such as might be issued to enforce the judgment therein.

Judgment was recovered in the action against Paddock and Andrus, and an execution thereon issued to the sheriff of Jefferson county, who returned the same unsatisfied.

Thereafter an execution was issued against the bodies of Paddock and Andrus, on which Andrus was arrested and imprisoned; but as to Paddock, the *ca. sa.* was returned *non est inventus.*

Thereupon the plaintiffs brought an action against the defendants, as sureties in the undertaking given to release Paddock and Andrus from imprisonment.

Paddock put in an answer alleging, amongst other things, in bar of the action as to him, the arrest and imprisonment of Andrus on the *ca. sa.*

The judge at the Circuit held that the arrest and imprisonment of Andrus did not preclude the plaintiffs from proceeding against

Paddock to enforce the debt, and ordered judgment for the plaintiff against the defendant.

It is well settled that the imprisonment of a sole defendant is a satisfaction of the debt while it continues. (*Sunderland* v. *Loder*, 5 Wend., 59 ; *Chapman* v. *Hatt*, 11 id., 41.)

But I find no case in which it has been held that the imprisonment of one operates as a satisfaction to his co-defendant. The cases cited by appellant's counsel do not support the proposition.

The case of *Penn* v. *Remsen* is decisive of the question. (24 How., 503.)

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.